Geoege Andeews, J.,
delivered the opinion of the Court.
The facts appearing in the pleadings and proofs in this case, are as follows: In the year 1862, the complainant purchased of the defendant, a tract of land lying in Blount county, for the sum of four thousand dollars, which was paid in Confederate money. The defendant executed to the complainant, a deed conveying the premises in fee simple, which was duly witnessed and delivered, but was lost or destroyed before being proved or recorded.
This bill is filed to establish the lost deed, and prays that the defendant may be required to execute and deliver another deed, or that the title be divested out of him by decree of the Court, and for general relief.
The answer alleges the fact that the consideration paid for the land, was Confederate money, and relies upon the illegality of this transaction as a defense to the suit.
The Chancellor held, that the complainant was entitled to relief, and decreed that all the right, title and interest of the defendant in the lands, be divested out of him and vested in the complainant in fee simple; from which decree the defendant appealed.
*201 The complainant does not seek to enforce an illegal contract. He is not seeking to acquire a title, but to protect one already acquired. The contract of sale is executed, and nothing remains to be done by either party in pursuance of it. By the former decisions of this Court, it is settled, that executed contracts, though tainted with the illegal consideration of Confederate money, will not be disturbed; and titles acquired by the execution of such contracts will not be held void. The deed in this case, vested a valid title in the complainant, and if that title is valid for any purpose, it must be held to be valid for all.
It would be merely productive of confusion, to hold in accordance with former decisions, that the deed operated between the parties to vest a title in the complainant, and, at the same time, to say that, by reason of the illegality of the consideration paid, the complainant could never have any standing in court in respect of that title — that his title was valid, but could never be enforced. If this Court was right heretofore, in holding that contracts tainted with the illegal consideration of Confederate money should not, if executed, be disturbed, it is not obvious how the conclusion is to be avoided, that the titles acquired under such contracts are valid for all purposes.
The complainant having the legal title, by virtue of his deed, might, if his case required it, maintain or defend an ejectment upon that title; and the fact that his title was acquired by the payment of an illegal consideration, would not be considered by the Court. So the complainant might, if the proper case arose, *202 being in possession under bis title, maintain a bill to remove a cloud caused by tbe adverse claim of another person. The Court could not, in these cases, hold the complainant’s title valid, and, at the same time, declare that it was one incapable of being enforced in the courts. And the present defendant is not, by virtue of his having been the vender of the land, and having received the illegal consideration, entitled to make any defense which would not avail a stranger to the contract.
If the lost deed had, itself, been void for champerty or fraud, or because executed in violation of some rule of law or of public policy, then a court of equity would not lend its aid to establish it. But where the illegality complained of is not sufficient to avoid the deed, or prevent the vesting of title, it cannot be sufficient to prevent the holder of the title from enforcing it in the courts.
The former decisions of this Court would be mere illusions, if it were established, that though courts would not disturb executed contracts of sale, they would, for all time hereafter, go back and enquire whether an illegal consideration had been paid, before allowing the purchaser to enforce his rights in the property purchased.
The decree must be, that the complainant is entitled, by virtue of and under his said deed, to hold the premises in fee simple, and that the defendant has no right, title or interest therein.